IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DAN KITCHES,<br><br>                Plaintiff,<br>v.<br><br>MSNI BENEFIT, LLC,<br><br>                Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Case No. 2:17-cv-00628<br><br>District Judge Dale A. Kimball |

This matter is before the court on Defendant MSNI Benefit LLC's (MSNI) Motion to Dismiss. On September 13, 2017, the court held a hearing on the motion. At the hearing, the Plaintiff Dan Kitches (Kitches) was represented by Brett W. Hastings and MSNI was represented by Hillary R. McCormack. The court took the motion under advisement. Based on the briefing filed by the parties and the law and facts relevant to the pending motion, the court issues the following Memorandum Decision and Order GRANTING MSNI's Motion to Dismiss.

## BACKGROUND

On or about August 2007, Kitches obtained a loan from JPMorgan Chase Bank on his personal residence. The note was assigned multiple times and is now owned by MSNI. The note is subordinate to a first position promissory note held by a party that is undisclosed and not subject to this case. The Note is secured by a Trust Deed on Kitches' personal residence.

Around May 2008, Kitches failed to make payments on both the first and second position promissory notes. Shortly thereafter, the holder of the first position promissory note commenced foreclosure proceedings and gave notice to Kitches that a sale was scheduled on May 29, 2009. The sale was subsequently canceled because the first priority promissory note was restructured through the Home Affordable Modification Program.

1

Kitches has not made payments on the subordinate note since May 2008. On or about July 5, 2016, Kitches received a letter from Lunberg & Associates law firm notifying Kitches that he is in default on the second position promissory note and must pay $236,917.95 to MSNI to cure the default.

Kitches refused to cure the default because he claims that the six year statute of limitations for collecting on the debt has expired. Lundberg responded by asserting that the statute of limitations did not commence until the loan was accelerated pursuant to its July 5, 2016 letter.

The Trust Deed states that the Trustor is in default if he does not meet the repayment terms, and the Lender has the right, at its option, to declare the entire indebtedness immediately due and payable. The Note provides that the maturity date on the principal amount of $235,000 is August 17, 2037.

On September 16, 2016, MSNI recorded a notice of Default and Election to Sell in the Salt Lake County Recorder's Office. The Notice of Default states, "The monthly payment obligation set forth in the promissory note is in default. All delinquent monthly payments, together with all unpaid taxes, insurance and other obligations under the promissory note and trust deed are due. Under the provisions of the promissory note and trust deed, the unpaid principal balance is accelerated and now due, together with accruing interest, late charges, costs, and trustees' and attorneys' fees…"

Kitches argues that the statute of limitations has passed and therefore his complaint seeks: 1. A temporary restraining order enjoining the sale of the property that was previously scheduled on April 14, 2017; 2. Declaratory relief to quiet title; and 3. An award of damages, including attorneys' fees.

**LEGAL STANDARD**

Dismissal is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted. *Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). When considering a motion to dismiss for failure to state a claim, all well-pleaded facts are presumed to be true, but conclusory allegations need not be considered. *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009).

**DISCUSSION**

MSNI filed this motion to dismiss asserting it has a legal right to foreclose on the property because the statute of limitations has not expired. Kitches contends that the statute of limitations expired pursuant to Utah Code Ann. § 78B-2-309(2) which holds "An action may be brought within six years upon any contract, obligation, or liability founded upon an instrument in writing." Utah Code Ann. § 57-1-34 further provides that "[a] person shall, within the period prescribed by law for the commencement of an action on an obligation secured by a trust deed: (1) commence an action to foreclose the trust deed; or (2) file for record a notice of default under Section 57-1-24." Because this action was brought nearly nine years after Kitches initially defaulted on the Note, Kitches argues that the statute of limitations bars MSNI's right to foreclose on the property.

The parties do not dispute that a six year statute of limitations governs this action. The issue before the court is when the statute of limitations began to run. Kitches argues, without citation to authority, that the statute of limitations on an installment contract begins when a borrower initially defaults on a single installment payment.[1] MSNI contends that the statute of limitations does not begin on an installment contract until either the entire balance is due, or once

---

[1] An installment contract is one in which a buyer agrees to make payments over a set period of time.

the lender accelerates the loan. For the reasons that follow, the court finds that the statute of limitations did not begin until the loan was accelerated pursuant to MSNI's July 5, 2016 letter.

The Utah Supreme Court first addressed when the statute of limitations begins on an installment contract in a 1906 opinion. *Johnson v. Johnson,* 31 Utah 408 (Utah 1906). The court in *Johnson* held that the statute of limitations only begins to run on *each* installment once default occurs, and not on the *entire* loan balance. *Id.* This holding for when the statute of limitations begins on an installment contract has come to be known as the Johnson Rule.

Throughout the years the Johnson Rule has been repeatedly upheld by Utah courts. In 2008, the Utah Court of Appeals held that the Johnson Rule applies to mortgage obligations by holding that "Where… the installment contract becomes due on some specific future date, and the obligee has done nothing to legally accelerate the future payments, the statute of limitations begins to run only after the obligor defaults on the final due date." *Anderson v. Davis,* 2008 UT App 86 (Utah App. 2008). More recently the Johnson Rule was again followed by the Utah Court of Appeals in *Goldenwest Federal Credit Union v. Kenworthy,* 391 P.3d 388 (Utah App. 2017). Kitches does not identify case law that holds otherwise.

Kitches asserts that the *Johnson* decision is outdated and preempted because Utah did not pass its modern statute of limitations until years after the decision. Even if Kitches' assertion were correct, numerous recent Utah cases have reaffirmed the holding in *Johnson* after the modern statute of limitations was enacted. Further, there is no statute that preempts the *Johnson* rule. Utah's modern statutes of limitations only states how long the statute of limitations is. The Johnson Rule, however, clarifies when that statute of limitations begins to run on an installment contract. The Johnson Rule therefore remains good law and is not otherwise preempted.

In this case, the statute of limitations began to run when MSNI accelerated the debt pursuant to its July 5, 2016 letter. There is no legal basis for finding that the statute of limitations began to run on the entire note when the remedy of foreclosure first became available by Kitches' default on an installment payment. Because all of Kitches' claims rely on the mistaken premise that the statute of limitations has passed, the court GRANTS MSNI's motion to dismiss.

## CONCLUSION

Based on the above reasoning, Defendant's Motion to Dismiss (Dkt. No. 9) is GRANTED. The Clerk of Court is directed to enter judgment in favor of Defendant and close the case.

Dated this 15th day of September, 2017.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge